WASHINGTON P. DAMON *vs.* INHABITANTS OF READING.
SAMUEL P. DINSMORE *vs.* SAME.

All the expenses arising in the case," which, by Rev. Sts. c. 24, § 9, a town, applying to the county commissioners to locate anew any road within the town, is obliged to pay include the damages occasioned to the owners of lands by such location.

PETITIONS for a jury, to estimate the damages sustained by the petitioners by the locating anew of Salem Street in the town of Reading, and establishing its boundary lines, and making alterations in the course and width thereof, on the application of said town, under Rev. Sts. *c.* 24, § 9. The verdicts of the jury, ˉestablishing the location of the street by the commissioners, and assessing damages to the petitioners, were objected to because of various rulings made by the sheriff at the trial; but were accepted by the court of common pleas. The town of Reading and the county of Middlesex each appealed to this court, where the town did not appear; and the first question argued was, whether the expenses of these petitions, including the damages assessed to these petitioners, were to be paid by the town, or by the county.

*C. P. Judd*, for the petitioners. By the Rev. Sts. *c.* 24, § 41, petitioners " for the laying out, altering or discontinuing any highway," are required to recognize " for the payment of all costs and expenses, which shall arise by reason of such petition and the proceedings thereon, in case the petitioners shall not finally prevail." But by § 42, " when such highway shall be finally laid out and established, altered or discontinued, in pursuance of such petition, all the expenses of the commissioners, and of the view, with the expenses of the laying out or alteration, and also all damages allowed for such laying out, alteration or discontinuance, shall be paid by order of the commissioners out of the county treasury." A distinction is here clearly made between the " expenses " of the laying out or alteration, and the " damages " allowed for such laying out, &c.; but both " expenses " and " damages " are to be paid by the county. Section 9, relied on to take this case out of the general rule

established by §§ 41, 42, is thus: " When application shall be made to the commissioners of any county, by any town in such county, to locate anew any road within such town, whether the same were laid out by authority of such town, or otherwise, the commissioners may, either for the purpose of establishing the boundary lines of such road, or of making alterations in the course or width thereof, locate such road anew, after giving the like notice, and proceeding in the like manner, as in the case of laying out highways; and the town, making such application, shall pay all the expenses arising in the case." " Expenses," in this last clause, includes only such charges as are called " expenses " in § 42, and cannot be construed to include the " damages " paid to the owners of land, which, together with the costs of the petitions for the assessment thereof, must be borne by the county, as in other cases.

*D. S. Richardson & W. A. Richardson,* for the county of Middlesex. The word " expenses " is not used in any uniform sense in the Rev. Sts. *c.* 24. See §§ 7, 41–46. Section 9 provides that the town, making the application, shall pay " all the expenses arising in the case; " and this may well include money expended for land damages, which are certainly " expenses arising " to some one. " Damages," in § 42, may be considered as used to define a class of expenses; as that section undertakes to particularize, and not to cover all expenditures by a general term. The other sections contain ample provisions for laying out and altering highways, so far as public convenience and necessity is concerned; and the object of § 9 would appear to be to allow towns, (as *St.* 1851, *c.* 214, does any five inhabitants,) to have boundary lines established, and the course and width altered, for reasons of a local nature, and for the benefit of the petitioners only, upon paying " *all* the expenses arising in the case."

DEWEY, J. The only question necessarily to be decided in these cases is that as to the liability of the town of Reading to pay the damages and costs that have arisen on these petitions. The proceedings on the part of the county commissioners, in reference to locating anew Salem Street, a highway in Reading, were upon an application from the said town, asking for such

new location and establishment of boundaries. Such proceedings are wholly at the expense of the town applying therefor, and not properly chargeable upon the county. " The town, making such application, shall pay all the expenses arising in the case." Rev. Sts. *c.* 24, § 9.

The only doubt suggested is as to what is embraced in the term " all the expenses." It is argued that this does not include damages allowed to individuals by reason of such new location and establishment of boundaries, but only the other attendant expenditures. In support of this construction, reference is made to the use of the word " damages," as descriptive of the charges for injury to land owners; and to the provision that all damages allowed for laying out, establishing or altering highways, shall be paid by order of the commissioners out of the county treasury. Rev. Sts. *c.* 24, § 42.

But we are of opinion that that section refers to the ordinary cases of applications from individuals, for laying out, establishing or altering highways, and not to the case provided for in § 9, under which these proceedings took place. In the *St.* of 1835, *c.* 152, § 8, from which this provision was taken, it was thus expressed : " All expenses, which may arise under the provisions contained in this section, shall be paid by the town making the application."

Upon the best construction we are able to give to the existing statute, the court are of opinion that where the application proceeds from the town, asking for a new location, by the county commissioners, of an existing road within such town, the whole expenses incident thereto are to be paid by the town making the application.

As the county therefore had no interest in the matter, and the town has not appeared to argue the other questions raised in this case, the judgment of the court of common pleas, accepting the verdicts, is affirmed.